# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**TRAVIS HEEG, DALTON PARISH, ANDREW CRAMPTON, EVAN KOPKE, TIMOTHY NOLEN, RICHARD JOHNSON and MARIUS RICHARDSON**

Case No.

Plaintiffs,

District Judge:

v

**UNITED ELECTRICAL CONTRACTORS, INC.**

Magistrate Judge:

Defendant.

---

**MILLER COHEN, P.L.C.**
Bruce A. Miller (P17746)
Robert D. Fetter (P68816)
Keith D. Flynn (P74192)
*Attorneys for Plaintiffs*
7700 Second Avenue, Suite 335
Detroit, MI  48202
(313) 964-4454 Phone
(313) 964-4490 Fax
rfetter@millercohen.com
kflynn@millercohen.com

---

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

There is no other pending or resolved civil action arising out of the transactions or occurrences alleged in this Compliant.

**NOW COME** Plaintiffs, **TRAVIS HEEG, DALTON PARISH, ANDREW CRAMPTON, EVAN KOPKE, TIMOTHY NOLEN, RICHARD JOHNSON**

and **MARIUS RICHARDSON**, on behalf of themselves and all similarly situated persons, known or unknown, by and through their attorneys, **MILLER COHEN, P.L.C.**, and for their Complaint against Defendant, UNITED ELECTRICAL CONTRACTORS, INC., state as follows:

## INTRODUCTION

This is a civil action brought on behalf of individuals who are or were employed by Defendant United Electrical Contractors, Inc, ("UEC or "Defendant") as electrical workers. In violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Michigan Workforce Opportunity Wage Act ("MWOWA"), M.C.L. § 408.411, *et seq.*, Defendant engaged in illegal policies depriving Plaintiffs and similarly situated employees, known or unknown, of fair compensation for their labor.

Defendant has a policy of compensating its employees only for the time that they are on the construction jobsite. However, Defendant requires employees to engage in principle activities prior to arriving at the jobsite or after they leave the jobsite. This uncompensated work typically occurs at the home location ("Shop") of the Defendant. The employees would have to locate tools and materials in the morning prior to going to the jobsite. They would load these materials in a UEC vehicle and transport the materials and tools to the jobsite. The reverse would occur

in evening.  Materials and tools would be transported back to the shop and unload the materials and tools.  Plaintiffs were not compensated for this work.

Also, Defendant had a policy of paying a "per diem" to employees that worked on jobs more than 60 miles from the Shop.  This per diem equaled $2 an hour.  This per diem was not designed to reimburse employees for any expenses.  The per diem was part of the employees' regular rate.  The employer did not pay 1 ½ times the regular rate for overtime hours when employees were receiving the per diem.

Moreover, Defendant has a policy of requiring employees to work off-the-clock.  For example, Defendant would require employees to review the "prints" for the job over the weekend in order to plan the following week's activity.  Employees were required to perform these duties and they were not compensated for their labor.

Also, Defendant requires apprentice electricians to engage in off-the-clock training on a weekly basis.  Defendant does not have a written apprenticeship agreement with its apprentices or have an apprenticeship program which substantially meets the fundamental standards of the Bureau of Apprenticeship and Training of the U.S. Department of Labor.  Therefore, the time spent in apprenticeship training is compensable time worked.

Lastly, Defendant had a policy of requiring employees to complete on-line training during nights and weekends.  The Defendant did not compensate employees for this time taking the required training.

Defendant failed to comply with the FLSA and MWOWA provisions regarding the payment of overtime wages.

Therefore, Plaintiffs now bring this FLSA collective action and class action under MWOWA on behalf of a class of similarly situated individuals, known and unknown, who were employed by Defendant as Foremen, Journeymen Electricians, and Apprentice Electricians. They seek all available remedies under the law.

## **PARTIES**

1.     Plaintiff Travis Heeg is a resident of Webberville, Michigan who was hired by Defendant as a Apprentice Electrician from about November 2016 through November 2020.

2.     Plaintiff Marius Richardson is a resident of Bath, Michigan who was employed by Defendant as an Apprentice Electrician at Defendants' from about January 2020 through October 2020.

3.     Plaintiff Evan Kopke is a resident of East Lansing, Michigan who was employed by Defendant as an Apprentice Electrician from about May 2017 to February 2021.

4.     Plaintiff Travis Williams is a resident of Ypsilanti, Michigan who was employed by Defendant as an Apprentice Electrician from about June 2017 to April 2021.

5.     Plaintiff Andrew Crampton is a resident of Byron, Michigan who was employed by Defendant as a Journeyman Electrician and Foreman from about September 2016 to February 2021.

6.     Plaintiff Dalton Parish is a resident of Perry, Michigan who was employed by Defendant as an Apprentice Electrician from about March 2020 to March 2021.

7.     Plaintiff Timothy Nolen is a resident of Lansing, Michigan who was employed by Defendant as a Journeyman Electrician and Foreman from about January 2018 to January 2021.

8.     Plaintiff Richard Johnson is a resident of Portland, Michigan who was employed by Defendant as a Journeyman Electrician and Foreman from about April 2013 to October 2020.

9.     Defendant UEC is a company with its registered business address in Lansing, Michigan.

10.     Plaintiffs bring this action on their own behalf and on behalf of others similarly situated, including all individuals in the State of Michigan who may choose to opt-in to this action, who are or were employed by Defendants as electrical workers, including apprentice, journeymen, and Foremen (collectively "Electrical Workers"), and who are or were subject to illegally denied appropriate overtime

compensation under the Fair Labor Standards Act ("FLSA") and Michigan Workforce Opportunity Wage Act ("MWOWA").

11.   Similarly situated individuals may choose to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.   This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiffs bring their claim pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

13.   The Court also has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367. The pendant claim is part of the same case or controversy. It does not substantially predominate. It does not raise novel or complex issues. Therefore, exercise of jurisdiction is proper.

14.   Venue is proper in this Court because UEC is licensed to conduct business throughout the State of Michigan, including the Eastern District of Michigan. 28 U.S.C. 1391(c) & (d).

## GENERAL ALLEGATIONS

15.   UEC is an electrical contractor.  It performs work in construction throughout the State of Michigan, including in the Counties of Wayne, Oakland, Ingham, and Washtenaw.

16.     Defendant employed Plaintiffs and similarly situated employees, known and unknown, as Electrical Workers throughout the State of Michigan.

17.     Plaintiffs and similarly situated employees, known and unknown, had their income reported on a W-2 and paid through payroll.

18.     Defendants pay their Electrical Workers' wages on an hourly basis.

19.     The Plaintiffs were employed on various construction job sites throughout the State of Michigan installing, repairing and maintaining electrical systems.

20.     As part of a policy or practice, Plaintiffs would have to report first to the Shop prior to reporting to the job site.  While at the Shop, they would have to load materials and tools into a company vehicle.  This loading of tools and materials would take between 15 minutes up to an hour or more.  The time spent loading materials is compensable time under the FLSA and MWOWA because these are principal activities or integral and indispensable to principle activities.

21.     Plaintiffs would then drive to the job site.  They would not get paid until they arrived at the job site.  The time spent driving to the job site after engaging in work that is compensable time is also compensable because it is part of a continuous work day.

22.     After leaving the job site, Plaintiffs would often have to drive back to the Shop.  When they arrived at the Shop, they were required to unload materials

and tools from the company vehicle. This activity would take from 15 minutes to one hour or more.

23.   As part of a policy or practice, the Electrical Workers were not paid for the time unloading materials and tools and not paid for the time driving back to the Shop.

24.   The time spent unloading materials is compensable time under the FLSA and MWOWA because these are principal activities or integral and indispensable to principle activities.

25.   The time spent driving to the job site after engaging in work that is compensable time is also compensable because it is part of a continuous work day.

26.   As a matter of policy and practice, Defendant would pay Electrical Workers an additional $2 per hour as a "per diem" when the Electrical Worker was assigned to a job site more than 60 miles from the Shop. This "per diem" was not intended to compensate Electrical Workers for any out-of-pocket expenses. This pay is included in the regular rate for overtime calculations under the FLSA and MWOWA. However, Defendant did not include the "per diem" in its calculation of the regular rate for overtime purposes in violation of the FLSA and MWOWA.

27.   The Defendant specifically did this as a way to increase wages but avoid increased overtime compensation.

28.    As part of a policy and practice, Defendant required the Electrical Workers to complete online training modules.  Electrical Workers had to complete this training as a condition of employment and prior to their annual evaluation. These training modules were mandatory.  The training is related to the job.

29.    Examples of these training topics include but are not limited to; Fall Protection, Ladder Safety, PPE Safety Awareness, Confined Space, Lockout Tagout Safety, Arc Flash/Fault Awareness, Electrical Safety Construction, Construction Safety, Man-lift, MSDS Awareness, Hand & Power Tools, Intro to Safety, Fire Extinguisher, and Three Phase Motors.  Each of these training modules would average 15 to 20 minutes a piece.  Employees would have to do each training modules every year.  Also, the Defendant would direct the Electrical Workers to complete additional modules on an ad hoc basis.

30.    Defendant did not compensate Electrical Workers for the time they spent completing these training modules.  Electrical Workers were instructed to complete this training off the clock.

31.    Under the FLSA and MWOWA, the time spent in training is compensable unless it is voluntary, not related to the job.  Defendant violated the FLSA and MWOWA by failing to compensate Electrical Workers for the time they spent on mandatory training.

32.     Time spent in training apprenticeship program is compensable time unless the "apprentice is employed under a written apprenticeship agreement or program which substantially meets the fundamental standards of the Bureau of Apprenticeship and Training of the U.S. Department of Labor."  See 29 C.F.R. § 785.32.

33.     The Defendant's apprentice electricians must report to the Shop or otherwise engage online for weekly apprenticeship training for approximately three hours a week.

34.     Defendant does not compensate its apprentice electricians for this training time.

35.     Defendant does not employ apprentice electricians under a written apprenticeship agreement. None of Defendant's apprentice electricians have signed a written apprenticeship agreement.

36.     Defendant does not employ apprentice electricians under a program which substantially meets the fundamental standards of the Bureau of Apprenticeship and Training of the U.S. Department of Labor.

37.     Defendant required Electrical Workers acting as Foremen to review the job prints over the weekend and plan the week's activities.  The Foremen would spend up to several hours or more each weekend reviewing these prints and

preparing for the week's work.  This is compensable time under the FLSA and MWOWA.

38.    Defendant failed to compensate the Foreman for the time they spent reviewing the prints and preparing for the weeks work over the weekend, in violation of the FLSA and MWOWA.

39.    Defendant had actual or constructive knowledge of all of the uncompensated work alleged in this Complaint.

40.    On information and belief, Defendant followed, and continues to follow, the practices described above.

**<u>CLASS AND COLLECTIVE ACTION</u>**

41.    Plaintiffs incorporate by reference all preceding paragraphs.

42.    Count I is brought as collective actions under the FLSA, 29 U.S.C. § 216(b).

43.    A copy of Plaintiffs' consent to bring their claims for invalid use of a tip credit and tip-pooling under the FLSA as a representative action is attached hereto as *Exhibit A*.

44.    Count II is brought as a class action under the MWOWA.

45.    The representatives and those similarly situated have been equally affected by Defendant's policies and practices in violation of FLSA.

46.    Furthermore, those class members still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

47.    The issues in this lawsuit present common questions of law and fact that predominate over any variations, if any, which may exist between individuals within the class.

48.    The representatives, those similarly situated, and Defendant has a commonality of interest in the subject matter and remedy sought.

49.    A collective action is appropriate because the Plaintiffs are "similarly situated."

50.    The class of individuals on behalf of whom the named Plaintiffs bring this collective action are similarly situated because they have been or are employed in the same or similar positions as the individually named Plaintiffs by Defendant; all individuals were or are subject to the same or similar unlawful practices, policies, or plans as the individually named Plaintiffs; and their claims are based upon the same legal theory as those of the named Plaintiffs.

51.    A class action is appropriate because Plaintiffs meet the requirements of M.C.R. § 3.501(A).

52.    The precise number of individuals in the class is known only to the Defendant, but the class is believed to include over 150 individuals. Joinder of all class members is impracticable.

53.     There are questions of law and fact common to the class. The common questions include but are not limited to:

    a.  Whether Defendant failed to pay overtime at time-and-a-half for all compensable hours;

    b.  Whether Defendant failed to include the hours spent by Electrical Workers loading and unloading the Defendant's vehicles with the tools and supplies necessary to maintain or repair electrical systems;

    c.  Whether Defendant was failed to compensate Plaintiffs for all hours worked after loading up the company vehicle, including travel time to the job site and back to the Shop;

    d.  Whether Defendant failed to compensate Electrical Workers for time they spent completing mandatory training and reviewing the prints off duty; and

    e.  Whether Defendant failed to include the $2 per diem into the regular rate of pay before calculating overtime for all hours worked in excess of forty hours in a week.

    f.  Whether Plaintiffs are entitled to actual or liquidated damages and the other requested relief.

54.     Plaintiffs' claims are typical of the class they seek to represent. Plaintiffs and the class work or have worked for UEC and have been subjected to a

pattern or practice of overtime violations. Defendant acted and refused to act on grounds generally applicable to the class, which makes declaratory relief with respect to the class appropriate. These typical, common claims predominate over any questions affecting only individual class members.

55.    The representatives are able to fairly and adequately represent and protect the interests of those similarly situated. The named Plaintiffs have the same interests as do the other members of the class and they will vigorously prosecute these interests on behalf of the class.

56.    Plaintiffs' counsel is competent and experienced in complex class action employment litigation. Plaintiffs' counsel has handled numerous actions in federal courts, including collective actions under the FLSA.

57.    If individual actions were required to be brought by each injured or affected member of the class, the result would be a multiplicity of actions creating a hardship to those similarly situated, Defendant, and the resources of the Court.

58.    A class action is an appropriate method for fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

59.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources

to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Many members of the class are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance. The relative damages suffered by individual members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's actions. It is desirable that the claims be heard in this forum since Defendant is subject to the Court's jurisdiction, and the actions giving rise to claim occurred in this district.

60.    A class action can be managed without undue difficulty because Defendant has regularly committed the violations of which the Plaintiffs complain and Defendant is required to maintain detailed records concerning each class member.

### COUNT I VIOLATION OF THE FAIR LABOR STANDARDS ACT
### COLLECTIVE ACTION
### Nonpayment of Overtime

61.    Plaintiffs incorporate by reference all preceding paragraphs.

62.    At all times relevant to this action, Plaintiffs and all similarly situated persons, known or unknown, were employees of Defendant within the meaning of the Fair Labor Standards Act, ("FLSA") 29 U.S.C. § 201, *et seq*.

63.    At all times relevant to this action, Defendant was the employer(s) of Plaintiffs and all similarly situated persons, known or unknown, within the meaning of the FLSA, 29 U.S.C. § 201, *et seq*.

64.    Defendant knowingly, intentionally, and willfully failed to meet the requirements for overtime compensation under the FLSA for loading and unloading materials and tools into and out of company vehicles.

65.    Defendant knowingly, intentionally, and willfully failed to meet the requirements for overtime compensation under the FLSA for failing to compensate employees for their drive time from the Shop to the job site after engaging in compensable activities in violation of the FLSA's continuous workday provisions.

66.    Defendant knowingly, intentionally, and willfully failed to meet the requirements for overtime compensation under the FLSA for failing to compensate employees for time spent in mandatory training.

67.    Defendant knowingly, intentionally, and willfully failed to meet the requirements for overtime compensation under the FLSA for failing to include the $2 per hour "per diem" in the Electrical Workers' regular rate in calculating overtime.

16

68.    Defendant knowingly, intentionally, and willfully failed to meet the requirements for overtime compensation under the FLSA for failing to compensate Electrical Workers for time spent on the weekend reviewing prints and preparing for the week's job assignment.

69.    Defendants have a pattern and practice of failing to properly follow the FLSA provisions for overtime compensation, as evidenced by the experiences of the named Plaintiffs and class members.

WHEREFORE, Plaintiffs and similarly situated employees, known and unknown, are entitled to an award of damages including but not limited to back pay for all unpaid overtime, compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest, and other damages as allowed by law and equity.

### COUNT II VIOLATION OF THE MICHIGAN WORKFORCE OPPORTUNITY WAGE ACT CLASS ACTION Non-payment of Overtime

70.    Plaintiffs incorporate by reference all preceding paragraphs.

71.    At all times relevant to this action, Plaintiffs and all members of the class were employees of Defendants within the meaning of the Michigan Workforce Opportunity Wage Act ("MWOWA"), M.C.L. §§ 408.411, *et seq.*

72.    At all times relevant to this action, Defendant was the employer of Plaintiffs and all members of the class within the meaning of the MWOWA, M.C.L. §§ 408.411, *et seq*.

73.    Defendant knowingly, intentionally, and willfully failed to meet the requirements for the payment of overtime compensation under the MWOWA, M.C.L. § 408.414a.

74.    Defendant knowingly, intentionally, and willfully failed to meet the requirements for overtime compensation under the MWOWA for loading and unloading materials and tools into and out of company vehicles.

75.    Defendant knowingly, intentionally, and willfully failed to meet the requirements for overtime compensation under the MWOWA for failing to compensate employees for their drive time from the Shop to the job site after engaging in compensable activities in violation of the MWOWA's continuous workday provisions.

76.    Defendant knowingly, intentionally, and willfully failed to meet the requirements for overtime compensation under the MWOWA for failing to compensate employees for time spent in mandatory training.

77.    Defendant knowingly, intentionally, and willfully failed to meet the requirements for overtime compensation under the MWOWA for failing to include

the $2 per hour "per diem" in the Electrical Workers' regular rate in calculating overtime.

78.    Defendant knowingly, intentionally, and willfully failed to meet the requirements for overtime compensation under the MWOWA for failing to compensate Electrical Workers for time spent on the weekend reviewing prints and preparing for the week's job assignment.

79.    Defendant has a pattern and practice of failing to properly follow the MWOWA provisions for overtime compensation, as evidenced by the experiences of the named Plaintiffs and class members.

WHEREFORE, Plaintiffs and members of the class are entitled to an award of damages including but not limited to back pay for the unpaid overtime compensation, compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs **TRAVIS HEEG, DALTON PARISH, ANDREW CRAMPTON, EVAN KOPKE, TIMOTHY NOLEN, RICHARD JOHNSON AND MARIUS RICHARDSON**, and on behalf of other persons similarly situated, known and unknown, request that this Court enter the following relief:

a. Permission for individuals throughout the State of Michigan who are currently employed or were employed by Defendant as Electrical Workers who were subjected to impermissible overtime compensation practices, to opt-in to this action, pursuant to § 216(b) of the FLSA;

b. Certification of a class action for individuals throughout the State of Michigan who are currently employed or were employed by Defendant as Electrical Workers who were subjected to impermissible overtime compensation practices pursuant to MCR 3.501;

c. Back pay for the unpaid overtime compensation, under the FLSA and MWOWA;

d. Liquidated and multiple damages as allowed by law, including double damages under the FLSA and MWOWA;

e. Compensatory damages and punitive damages;

f. An injunction prohibiting Defendants from further violations of the law as described here;

g. Post-judgment assignment of attorneys' fees, costs, and interest; and

h. Any other relief to which Plaintiffs may be entitled.

[THIS SPACE INTENTIONALLY LEFT BLANK]

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By:   <u>/s/Keith D. Flynn          </u>
        Robert D. Fetter (P68816)
        Keith D. Flynn (P74192)
        *Attorneys for Plaintiff*
        7700 Second Ave. Suite 335
        Detroit, MI  4820
        (313) 964-4454 Phone
        (313) 964-4490 Fax
        rfetter@millercohen.com
        <u>kflynn@millercohen.com</u>

Dated: September 9, 2021

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**TRAVIS HEEG, DALTON PARISH,**
**ANDREW CRAMPTON, EVAN KOPKE,**
**TIMOTHY NOLEN, RICHARD**
**JOHNSON and MARIUS RICHARDSON**

Case No.

District Judge:

Plaintiffs,

v

Magistrate Judge:

**UNITED ELECTRICAL**
**CONTRACTORS, INC.**

Defendant.

_____

MILLER COHEN, P.L.C.
Robert D. Fetter (P68816)
Keith D. Flynn (P74192)
*Attorneys for Plaintiffs*
600 W. Lafayette Blvd., 4th Floor
Detroit, MI 48226
(313) 964-4454 Phone
(313) 964-4490 Fax
rfetter@millercohen.com
kflynn@millercohen.com

_____

## DEMAND FOR TRIAL BY JURY

**NOW COME** Plaintiffs, **TRAVIS HEEG, DALTON PARISH, ANDREW**

**CRAMPTON, EVAN KOPKE, TIMOTHY NOLEN, RICHARD JOHNSON**

and **MARIUS RICHARDSON**, on behalf of themselves and all similarly situated

persons, known or unknown, by and through their attorneys, **MILLER COHEN, P.L.C.**, and hereby demand for a trial by jury, for all issues so triable.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By:  */s/Keith D. Flynn*
Robert D. Fetter (P68816)
Keith D. Flynn (P74192)
*Attorneys for Plaintiff*
7700 Second Ave. Suite 335
Detroit, MI  48202
(313) 964-4454 Phone
(313) 964-4490 Fax
rfetter@millercohen.com
kflynn@millercohen.com

Dated: September 9, 2021

2

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**TRAVIS HEEG, DALTON PARISH, ANDREW
CRAMPTON, EVAN KOPKE, TIMOTHY NOLEN,
RICHARD JOHNSON and MARIUS RICHARDSON**
Plaintiffs,

v

**UNITED ELECTRICAL CONTRACTORS, INC.**

Defendant.

Case No.

District Judge:

Magistrate Judge:

---

MILLER COHEN, P.L.C.
Robert D. Fetter (P68816)
Keith D. Flynn (P74192)
*Attorneys for Plaintiffs*
7700 Second Ave.,  Suite 335
Detroit, MI  48202
(313) 964-4454 Phone
 (313) 964-4454 Phone
(313) 964-4490 Fax
rfetter@millercohen.com
kflynn@millercohen.com

---

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
## COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by

the above-named Defendant within the prior three (3) years and that I was subjected

to illegal non-payment of overtime under the Fair Labor Standards Act, 29 U.S.C. §

201, *et seq*.  I authorize through this Consent the filing and prosecution of this Fair

Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name:     Travis Heeg

Signature: _____

Date on which I signed this notice: ___8 - 6 - 21___

Robert D. Fetter
Keith D. Flynn
MILLER COHEN P.L.C.
*Attorneys for Plaintiffs*
7700 Second Ave. Suite 335
Detroit, Michigan 48202
313-964-4454/Fax: 313-964-4490

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**TRAVIS HEEG, DALTON PARISH, ANDREW CRAMPTON, EVAN KOPKE, TIMOTHY NOLEN, RICHARD JOHNSON and MARIUS RICHARDSON**
                              Plaintiffs,

v

**UNITED ELECTRICAL CONTRACTORS, INC.**


                    Defendant.

Case No.

District Judge:


Magistrate Judge:

---

**MILLER COHEN, P.L.C.**
Robert D. Fetter (P68816)
Keith D. Flynn (P74192)
*Attorneys for Plaintiffs*
7700 Second Ave.,  Suite 335
Detroit, MI  48202
(313) 964-4454 Phone
 (313) 964-4454 Phone
(313) 964-4490 Fax
rfetter@millercohen.com
kflynn@millercohen.com

---

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by

the above-named Defendant within the prior three (3) years and that I was subjected

to illegal non-payment of overtime under the Fair Labor Standards Act, 29 U.S.C. §

201, *et seq*.  I authorize through this Consent the filing and prosecution of this Fair

Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name:     Dalton Parish

Signature:  _____

Date on which I signed this notice:  _7/30/2021_____

Robert D. Fetter
Keith D. Flynn
MILLER COHEN P.L.C.
*Attorneys for Plaintiffs*
7700 Second Ave. Suite 335
Detroit, Michigan 48202
313-964-4454/Fax: 313-964-4490

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**TRAVIS HEEG, DALTON PARISH, ANDREW
CRAMPTON, EVAN KOPKE, TIMOTHY NOLEN,
RICHARD JOHNSON and MARIUS RICHARDSON**
               Plaintiffs,

v

**UNITED ELECTRICAL CONTRACTORS, INC.**

               Defendant.

Case No.

District Judge:

Magistrate Judge:

---

MILLER COHEN, P.L.C.
Robert D. Fetter (P68816)
Keith D. Flynn (P74192)
*Attorneys for Plaintiffs*
7700 Second Ave., Suite 335
Detroit, MI  48202
(313) 964-4454 Phone
 (313) 964-4454 Phone
(313) 964-4490 Fax
rfetter@millercohen.com
kflynn@millercohen.com

---

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
## COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by

the above-named Defendant within the prior three (3) years and that I was subjected

to illegal non-payment of overtime under the Fair Labor Standards Act, 29 U.S.C. §

201, *et seq*.  I authorize through this Consent the filing and prosecution of this Fair

Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name:      Evan Kopke

Signature:  _____

Date on which I signed this notice: ___8/5/21___

Robert D. Fetter
Keith D. Flynn
MILLER COHEN P.L.C.
*Attorneys for Plaintiffs*
7700 Second Ave. Suite 335
Detroit, Michigan 48202
313-964-4454/Fax: 313-964-4490

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**TRAVIS HEEG, DALTON PARISH, ANDREW
CRAMPTON, EVAN KOPKE, TIMOTHY NOLEN,
RICHARD JOHNSON and MARIUS RICHARDSON**
                         Plaintiffs,

v

**UNITED ELECTRICAL CONTRACTORS, INC.**

                    Defendant.

Case No.

District Judge:

Magistrate Judge:

---

MILLER COHEN, P.L.C.
Bruce A. Miller (P68816)
Keith D. Flynn (P74192)
*Attorneys for Plaintiffs*
600 W. Lafayette Blvd., 4th Floor
Detroit, MI  48226
(313) 964-4454 Phone
(313) 964-4490 Fax
rfetter@millercohen.com
kflynn@millercohen.com

---

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by the above-named Defendant within the prior three (3) years and that I was subjected to illegal non-payment of overtime under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name:      Timothy Nolen

Signature: _Tim Nolen_____

Date on which I signed this notice: _8-2-2021_

Robert D. Fetter
Keith D. Flynn
MILLER COHEN P.L.C.
*Attorneys for Plaintiffs*
7700 Second Ave. Suite 335
Detroit, Michigan 48202
313-964-4454/Fax: 313-964-4490

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**TRAVIS HEEG, DALTON PARISH, ANDREW
CRAMPTON, EVAN KOPKE, TIMOTHY NOLEN,
RICHARD JOHNSON and MARIUS RICHARDSON**
          Plaintiffs,

v

**UNITED ELECTRICAL CONTRACTORS, INC.**

          Defendant.

Case No.

District Judge:

Magistrate Judge:

---

MILLER COHEN, P.L.C.
Robert D. Fetter (P68816)
Keith D. Flynn (P74192)
*Attorneys for Plaintiffs*
7700 Second Ave.,  Suite 335
Detroit, MI  48202
(313) 964-4454 Phone
 (313) 964-4454 Phone
(313) 964-4490 Fax
rfetter@millercohen.com
kflynn@millercohen.com

---

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by

the above-named Defendant within the prior three (3) years and that I was subjected

to illegal non-payment of overtime under the Fair Labor Standards Act, 29 U.S.C. §

201, *et seq.*  I authorize through this Consent the filing and prosecution of this Fair

Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name:       Richard Johnson

Signature:  _~Rich Johnson~_

Date on which I signed this notice: _8/2/21_

Robert D. Fetter
Keith D. Flynn
MILLER COHEN P.L.C.
*Attorneys for Plaintiffs*
7700 Second Ave. Suite 335
Detroit, Michigan 48202
313-964-4454/Fax: 313-964-4490

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**TRAVIS HEEG, DALTON PARISH, ANDREW CRAMPTON, EVAN KOPKE, TIMOTHY NOLEN, RICHARD JOHNSON** and **MARIUS RICHARDSON**
               Plaintiffs,

v

Case No.

District Judge:

**UNITED ELECTRICAL CONTRACTORS, INC.**

               Defendant.

Magistrate Judge:

---

**MILLER COHEN, P.L.C.**
Robert D. Fetter (P68816)
Keith D. Flynn (P74192)
*Attorneys for Plaintiffs*
7700 Second Ave., Suite 335
Detroit, MI 48202
(313) 964-4454 Phone
 (313) 964-4454 Phone
(313) 964-4490 Fax
rfetter@millercohen.com
kflynn@millercohen.com

---

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by the above-named Defendant within the prior three (3) years and that I was subjected to illegal non-payment of overtime under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name:      Marius Richardson

Signature: _____

Date on which I signed this notice: $8-20-21$ _____


Robert D. Fetter
Keith D. Flynn
MILLER COHEN P.L.C.
*Attorneys for Plaintiffs*
7700 Second Ave. Suite 335
Detroit, Michigan 48202
313-964-4454/Fax: 313-964-4490

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TRAVIS HEEG, DALTON PARISH, ANDREW
CRAMPTON, EVAN KOPKE, TIMOTHY NOLEN,
RICHARD JOHNSON and MARIUS RICHARDSON

            Plaintiffs,

v

UNITED ELECTRICAL CONTRACTORS, INC.

            Defendant.

Case No.

District Judge:

Magistrate Judge:

---

MILLER COHEN, P.L.C.
Robert D. Fetter (P68816)
Keith D. Flynn (P74192)
*Attorneys for Plaintiffs*
7700 Second Ave.,  Suite 335
Detroit, MI  48202
(313) 964-4454 Phone
 (313) 964-4454 Phone
(313) 964-4490 Fax
rfetter@millercohen.com
kflynn@millercohen.com

---

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below, I represent to the Court that I have been employed by

the above-named Defendant within the prior three (3) years and that I was subjected

to illegal non-payment of overtime under the Fair Labor Standards Act, 29 U.S.C. §

201, *et seq*.  I authorize through this Consent the filing and prosecution of this Fair

Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name:     Andrew Crampton

Signature:

Date on which I signed this notice: July 30 2021

Robert D. Fetter
Keith D. Flynn
MILLER COHEN P.L.C.
*Attorneys for Plaintiffs*
7700 Second Ave. Suite 335
Detroit, Michigan 48202
313-964-4454/Fax: 313-964-4490