**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TRAVIS HEEG, DALTON
PARISH, ANDREW CRAMPTON,           Case No. 1:21-cv-00796
EVAN KOPKE, TIMOTHY
NOLEN, RICHARD JOHNSON and         District Judge: Hala Y. Jarbou
MARIUS RICHARDSON,                 Magistrate Judge: Ray S. Kent

                 Plaintiffs,

v.

UNITED ELECTRICAL CONTRACTORS,
INC.,

                 Defendant.

---

**STIPULATED ORDER FOR APPROVAL OF COLLECTIVE ACTION
SETTLEMENT AND DISMISSING CASE WITH PREJUDICE**

---

This matter comes before the Court pursuant to Parties' notification they have settled this matter.

**WHEREAS**, on September 10, 2021, Named Plaintiffs filed a Complaint against Defendant on behalf of themselves and other similarly situated electrical worked who worked for Defendant, which is now pending in the United States District Court for the Western District of Michigan before the Honorable Hala Y. Jarbou, Case No. 1:21-cv-00796 (the "Litigation").[1] In the Litigation, Named Plaintiffs alleged four distinct theories of FLSA liability: when UEC paid an hourly premium (referred to as a "per diem") on jobs that were 60 miles or more from its Lansing headquarters (the "Shop"), it failed to include that per diem amount as part of the regular

---

[1] Plaintiffs initially filed the Litigation in the Eastern District of Michigan. However, the Court *sua sponte* transferred the Litigation to the Western District of Michigan.

rate of pay when calculating overtime pay; (2) it required employees to watch safety training videos on their own time, without compensation; (3) it required employees to report to the Shop to perform compensable work, including loading or unloading tools and materials, before and after going to a jobsite, but failed to pay their employees for that labor or the accompanying compensable travel time; and, (4) it required foremen to review prints and plan the upcoming week's activities on their own time without compensation.[2] Named Plaintiffs and all Opt-In Plaintiffs (collectively "Plaintiffs") further alleged they were entitled to payment for unpaid hours worked – whether straight time or overtime – and an additional equal amount as liquidated damages, plus costs and attorneys' fees;

**WHEREAS**, Defendant timely filed its answer and affirmative defenses, where it denied all material allegations of the Litigation and asserted relevant affirmative defenses, including that Defendant did not willfully violate the law and at all times acted on a good faith interpretation and understanding of applicable law. Defendant contests each claim asserted by Plaintiffs in the Litigation;

**WHEREAS**, based upon their analysis and evaluation of a number of factors, the Parties recognize the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever, or might result in a larger recovery; and

**WHEREAS**, Named Plaintiffs and Defendant, by and through their respective counsel, have engaged in settlement discussions in connection with the potential resolution of the

---

[2] Named Plaintiffs also asserted claims that UEC failed to compensate electrical workers for time spent in apprenticeship training. However, this Court dismissed that claim. (ECF No. 145, PageID.4600.) Additionally, Named Plaintiffs also brought class action claims under the Michigan Workforce Opportunity Wage Act but voluntarily dismissed those claims. (ECF No. 88.)

Litigation.  The Parties – subject to the approval of the Court[3] – have elected to settle the Litigation pursuant to the terms set forth in the Confidential Settlement Agreement attached as Exhibit 1, which is hereby submitted to the Court for *in camera* approval;

**WHEREAS**, Plaintiffs' Counsel have analyzed and evaluated the merits of the claims made against Defendant and the impact of the Agreement on the Named Plaintiffs and the Opt-In Plaintiffs. Plaintiffs' Counsel and Named Plaintiffs are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate, and that this Agreement represents a reasonable compromise of disputed claims, which is in the best interest of all Plaintiffs; and,

**WHEREAS**, the Court has carefully reviewed the Parties' Settlement Agreement, as well as the record, and finds the Settlement Agreement to be a fair and a reasonable compromise of all claims and an appropriate award of attorneys' fees and costs.

**IT IS THEREFORE ORDERED** as follows:

(a)    The Court approves and adopts the Settlement Agreement, including the Schedule of Payments attached as Exhibit A to the Settlement Agreement, and Named Plaintiffs Travis Heeg, Dalton Parish, Andrew Crampton, Evan Kopke, Timothy Nolen, Richard Johnson, and Marius Richardson, as well as all individuals who filed an Opt-In and Consent Form in this lawsuit, shall be and are bound by the Settlement Agreement;

(b)    The Court enters Judgement in favor of Opt-In Plaintiff Chase Render pursuant to the Notice of Acceptance of Offer of Judgment of Opt-In Plaintiff Chase Render (ECF No. 175);

---

[3] Courts have discretion to review settlement agreements in camera due to the Parties agreeing on confidentiality of the terms of the settlement and where the issue of confidentiality has been "vigorously debated" between the parties in their negotiations. *Athan, et al. v. United States Steel Corp.*, 523 F.Supp.3d 960, 968-70 (E.D. Mich. 2021).

(c)     The amount agreed upon in the Schedule of Payments is inclusive of the $1,500

Judgment in favor of Opt-In Plaintiff Chase Render and all attorneys' fees and costs incurred;

(d)     The Court dismisses this lawsuit with prejudice, with each side to bear their own

fees and costs unless otherwise agreed. The Court retains jurisdiction to enforce the terms of the

Parties' settlement agreement. The Clerk of Court is directed to close this matter.

 

_____
HALA Y. JARBOU
UNITED STATES DISTRICT COURT
JUDGE

Dated: _____

**Stipulated as to form and substance:**

By: */s/Keith D. Flynn (w/ permission)*
Robert D. Fetter (P68816)
Keith D. Flynn (P74192)
Ryan A. Paree (P80345)
7700 Second Ave. Ste. 335
Detroit, MI  48202
(313) 964-4454
rfetter@millercohen.com
kflynn@millercohen.com
rparee@millercohen.com

*Attorneys for Plaintiff*

By: */s/ Vincent C. Sallan*
Christopher M. Trebilcock (P62101)
Vincent C. Sallan (P79888)
Clark Hill PLC
500 Woodward Avenue, Ste. 3500
Detroit, MI 48226
(313) 965-8300
ctrebilcock@clarkhill.com
vsallan@clarkhill.com

*Attorneys for Defendant*